UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY KNOHL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NEIL GALLUCCI, et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 18cv261-LAB (NLS)<br><br>**ORDER DENYING RENEWED MOTIONS TO PROCEED IN FORMA PAUPERIS** |

Plaintiff Jay Knohl filed his complaint along with a motion to proceed *in forma pauperis* ("IFP"). The Court denied his motion without prejudice, noting that it was incomplete. Among other things, the Court's order pointed out that although the complaint made reference to his having a wife, his IFP application said he was single. The order also mentioned unexplained allegations concerning Knohl's living in a house and having two dogs. In particular, the IFP motion did not list a house as one of Knohl's assets, and did not include any rent in his expenses. If Knohl was being allowed to live in a house rent-free or if someone else was paying his rent, the order said, Knohl should have pointed that out. The IFP motion also mentioned Knohl owning two cars with unspecified value. Finally, Knohl said he and his wife owned two dogs, even though his IFP motion mentioned no expenses associated with that.

Knohl has now submitted two new IFP motions that are slightly different from each other. One is dated February 21, 2018 and the other is dated February 23. Ordinarily if a litigant filed a motion followed by a second, the Court might construe the second as an amended motion. But here, both motions were mailed to the Court in the same envelope, suggesting that Knohl is asking the Court to consider both of them together. The Court accepted these by discrepancy order, while rejecting an *ex parte* note urging the Court to take quick action.

The two IFP motions do not clear up the problems the Court's order identified — if anything, their inconsistent representations create even more confusion.

The February 21 motion (Docket no. 5) identifies Knohl as a "Single Person." It says his two cars are not registered and have a combined value of $6500. It says he has $500 in a checking account. It says he spends $200 per month on food and $40 per month on dental expenses, and nothing on anything else, yet it gives his total monthly expenses as $0.

The February 23 motion (Docket no. 6) says Knohl is "Unmarried" yet has a "Significant Other" who has Parkinson's disease. It says he has $860 in a checking account. It says his two cars have a combined value of $7000, and says they are registered as non-operational. It says he has no monthly expenses at all, indicating that his significant other pays for utilities, home maintenance, and food.

The two new IFP motions are incomplete and do not explain the earlier inconsistencies. And although they are dated only two days apart, they show unexplained differences in his assets. Taken together, they suggest that Knohl is living with a long-term girlfriend or domestic partner whom he earlier referred to as his wife, and that she is probably supporting him. The fact that she has Parkinson's disease does not mean she has no income or assets, and Knohl has not said anything about that. But if she is paying for his expenses or giving him money or anything else of value, he should have mentioned it. And because it appears she is paying all his expenses, he has $500 per month in disposable income.

Furthermore, Knohl owns two cars that neither he nor his significant other drive or need. Together their value is at least $7000. He has not explained why he cannot sell one of the cars to raise money.

The fact that the IFP form Knohl is using does not ask for particular information does not mean the Court is not entitled to ask him for more information, or to clear up inconsistencies or explain his answers. *See Escondido v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (noting that magistrate judge should have investigated omissions in the record at IFP hearing); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (explaining that it is "within the court's discretion to make a factual inquiry" into a claim of poverty).

An IFP affidavit is sufficient if it shows that the plaintiff cannot pay the filing fee and still afford the necessities of life. *Escondido v. Applebees*, 787 F.3d at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The IFP statute does not define "insufficient assets," *Escondido* at 1234, but a plaintiff seeking to proceed IFP must allege poverty "with some particularity, definiteness and certainty." *McQuade*, 647 F.2d at 940.

The two motions to proceed IFP are **DENIED**. No later than March 30, 2018, Knohl must either pay the filing fee, or file a renewed motion to proceed IFP. If he files a renewed motion, it <u>must</u> be accompanied by a written explanation clearing up all the questions and inconsistencies identified in this order and in the Court's earlier order denying the first IFP motion. If it does not, he can expect the IFP motion to be denied again.

In setting the deadline at March 30, the Court intends for Knohl to have ample time to either raise the money for the filing fee, or gather all the information needed to address the inconsistencies this order and the earlier order have identified, and prepare a new motion. If Knohl needs more time, he should file an *ex parte* motion (without obtaining a hearing date) explaining why he needs more time.

/ / /

If Knohl fails to either pay the filing fee or file a new IFP motion by March 30, this action may be dismissed without further notice to Knohl.

**IT IS SO ORDERED**.

Dated: March 5, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge